Dear Mr. Brasseaux:
This office is in receipt of your recent opinion request wherein you state that the City of Carencro has received a billing for $7,350.33 from the Acadiana Criminalistics Laboratory for biology, chemistry, and physical evidence analysis performed by that agency. You ask whether the City is obligated to pay this amount.
The Acadiana Criminalistics Laboratory District and Commission was created by R.S. 40:2267.1 for the purpose of crime detection, prevention, investigation, and other related activities in connection with criminal investigation.[1] The laboratory is under the control of the Acadiana Criminalistics Laboratory Commission; its membership consists of sheriffs, district attorneys, and police jury members of the district served by the laboratory. See R.S. 40:2267.3.[2] The laboratory is funded by sums derived from fines and bond forfeitures in the district it serves. See R.S. 40:2266.1.[3] Lafayette Parish, which includes the City of Carencro, is a member of an eight-parish district served by the laboratory.
Pertinent to this discussion is R.S. 40:2266.1(B(1)(a)(b) and (c), stating:
 B. (1) In all criminal cases prosecuted under stated statutes, parish ordinances, or city ordinances in any mayor's, city, parish, or district court of the state of Louisiana sitting within a parish which, upon approval of the governing body of such parish, is or hereafter becomes a part of a criminalistics laboratory commission or of a sheriff's criminalistics laboratory as now or as hereafter established by a legislative act, except in the city courts of the parish of Jefferson where taxation of the following costs shall be optional, there shall be taxed as costs against every defendant who is convicted after trial, or who enters a plea of guilty or of nolo contendere, or who forfeits his bond, a sum in accordance with the following schedule:
 (a) Operating a vehicle while intoxicated and drug offenses — fifty dollars.
 (b) Crimes defined in Title 14 of the Louisiana Revised Statutes of 1950 — ten dollars.
 (c) Violations of the provisions of Title 32 of the Louisiana Revised Statutes of 1950, or of city or parish traffic ordinances — ten dollars.
You state that all municipal funds required by the above quoted statutory provisions have been remitted to the Crime Lab. If revenues from the fees collected are not sufficient to pay the costs incurred by the Crime Lab under its approved budget, state law provides for the further discharge of this obligation in R.S.40:2266.1(E):
 E. The sums received by the respective criminalistics laboratory commission shall be used by the commission for necessary expenses of the commission and the criminalistics laboratory, including operating expenses, funds reserved for depreciation, and capital expenses. The commission shall annually prepare a budget which shall be approved by at least a majority of the governing authorities of the parishes which the commission serves. If revenues from the fees collected are not sufficient to pay the costs incurred as approved by the governing authorities in the budget, each governing authority may pay from its general fund its pro rata share of the amount necessary to eliminate the deficit, based upon the ratio which the assessed valuation of property in that parish bears to the total assessed valuations of property in all of the parishes.
(Emphasis added).
It is not the function of this office to become the finder of fact regarding the actual fees owed and/or paid by the municipality to the Crime Lab. However, if the City of Carancro has in fact remitted all court costs as statutorily mandated, the City should not be denied further service by the laboratory.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
[1] R.S. 40:2267.1 provides:
 Chapter 13-C Acadiana Criminalistics Laboratory District and Commission
 § 2267.1. Creation; purpose; approval of criminalistics laboratory by Louisiana Commission on Law Enforcement and the Administration of Criminal Justice.
 The Acadiana Criminalistics Laboratory Commission is hereby created to maintain and operate the Acadiana Criminalistics Laboratory, which has been established in Iberia Parish, Louisiana, with the approval of the Louisiana Commission on Law Enforcement and the Administration of Criminal Justice, said commission and laboratory to serve the southwest Louisiana parishes of Acadia, Evangeline, Iberia, Lafayette, St. Landry, St. Martin, St. Mary and Vermilion, comprising the Evangeline Law Enforcement Planning District, said commission to operate the Acadiana Criminalistics Laboratory for the purpose of crime detection, prevention, investigation and other related activities in connection with criminal investigation.
[2] R.S. 40:2267.3 provides:
 § 2267.3. Membership; tenure
 A. The membership of the commission shall consist of the sheriff, district attorney, and the president of the governing authority of the parish in which the criminalistics laboratory is located, to serve during their elective terms of office, together with the district attorney of each district in which the Evangeline Law Enforcement Planning District lies and the sheriff of each parish within the district, all of whom shall serve ex officio during their respective terms of office, together with one member of the governing authority of each other parish of the Evangeline Law Enforcement Planning District, which the commission serves, who shall be appointed by the respective governing authorities of the parishes of Acadia, Evangeline, Iberia, Lafayette, St. Landry, St. Martin, St. Mary, and Vermilion, to serve for a period of two years, or until a successor is appointed.
 B. The membership of the commission shall elect their own officers, and they may also elect from amongst their membership an executive committee of five members, each from a different parish, who shall be empowered to act commission.
 C. The members of the commission shall serve without pay or per diem.
[3] R.S. 40:2266.1 is applicable to all criminalistics laboratory commissions and provides, in its entirety:
 CHAPTER 13-B CRIMINALISTICS LABORATORY COMMISSIONS
 § 2266.1 Optional revenues; collection; handling, and disbursement thereof.
 A. In all parishes in which a criminalistics laboratory commission is now or is hereafter established and also in each parish in which the governing authority thereof elects to become a participating parish with a criminalistics laboratory commission as set forth hereinafter, optional methods of obtaining revenues as set forth in this Chapter may be used by the criminalistics laboratory commission with the concurrence and approval of the local governing body of each parish involved.
 B. (1) In all criminal cases prosecuted under state statutes, parish ordinances, or city ordinances in any mayor's, city, parish, or district court of the state of Louisiana sitting within a parish which, upon approval of the governing body of such parish, is or hereafter becomes a part of a criminalistics laboratory commission or of a sheriff's criminalistics laboratory as now or as hereafter established by a legislative act, except in the city courts of the parish of Jefferson where taxation of the following costs shall be optional, there shall be taxed as costs against every defendant who is convicted after trial, or who enters a plea of guilty or of nolo contendere, or who forfeits his bond, a sum in accordance with the following schedule:
 (a) Operating a vehicle while intoxicated and drug offenses — fifty dollars.
 (b) Crimes defined in Title 14 of the Louisiana Revised Statutes of 1950 — ten dollars.
 (c) Violations of the provisions of Title 32 of the Louisiana Revised Statutes of 1950, or of city or parish traffic ordinances — ten dollars.
 (2) No sums, as provided for in Paragraph (1) hereof, shall be charged or collected in the following cases:
 (a) Operating a vehicle with an expired inspection sticker.
 (b) Operating a vehicle with an expired driver's license.
 (c) Operating a vehicle without a driver's license upon one's person.
 (3) The sums herein specified shall be fixed by the governing authority of the parishes that are participating in the criminalistics laboratory commission subject to the maximum amounts herein specified, and shall be taxed as costs and collected by the proper authority of the courts in which the prosecutions are brought; however, upon written request of each governing authority that participates in the criminalistics laboratory commission, such sums may be collected out of each fine imposed by a court in lieu of being added as additional costs in that court.
 (4) The sums so collected shall be remitted to the respective laboratory governing authorities, or to their designated custodians, on the first day of each month.
 (5) The sums so received by the laboratory governing authorities shall be used for the necessary operating expenses of the commissions and the laboratories.
 (6) Notwithstanding any provisions of R.S. 40:2264 or this Section to the contrary, the taxation of additional costs for the necessary operating expenses of the commissions and laboratories in any mayor's court in a municipality with a population of four thousand or less shall be optional.
 C. The respective laboratory commission may designate as custodian of the fund the secretary-treasurer of a particular governing authority and if so his bond shall be applicable to this fund as to all others under his custody.
 D. The sums hereinabove provided for shall form no part of the criminal court fund of the court in which they are collected and shall be used exclusively for the operation and expenses of the respective criminalistics laboratory; however, upon written request by official action of the governing authority of any particular parish the sums accruing in district courts in that parish may be collected out of each fine imposed in lieu of being added as additional costs. The sums collected in any case may be reduced if in the judgment of the respective commission sufficient funds are available for operation of the laboratory with the reduced funds.
 E. The sums received by the respective criminalistics laboratory commission shall be used by the commission for necessary expenses of the commission and the criminalistics laboratory, including operating expenses, funds reserved for depreciation, and capital expenses. The commission shall annually prepare a budget which shall be approved by at least a majority of the governing authorities of the parishes which the commission serves. If revenues from the fees collected are not sufficient to pay the costs incurred as approved by the governing authorities in the budget, each governing authority may pay from its general fund its pro rata share of the amount necessary to eliminate the deficit, based upon the ratio which the assessed valuation of property in that parish bears to the total assessed valuations of property in all of the parishes.
 F. The sheriff of each parish and each district attorney who represents one or more parishes within the respective criminalistics laboratory commission area may make a direct contribution to the respective criminalistics laboratory commission, the sheriff from his salary fund, and the district attorney from any funds available to defray expenses of his office, from time to time in order to assist in alleviating any deficit that may be existing in the operating funds of the laboratory commission.